# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **LAURA ANN CHAPPELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | No. 2:23-cv-01144-LSC |
| ) | |
| **MARTIN O'MALLEY,** ) | |
| **Acting Commissioner,** ) | |
| **Social Security Administration,** ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

## MEMORANDUM OF OPINION

### I.   Introduction

The Plaintiff, Laura Ann Chappell ("Chappell" or "Plaintiff") appeals from the decision of the Commissioner of the Social Security Administration ("Commissioner") denying her applications for Supplemental Security Income ("SSI"). (Doc. 1.) Chappell timely pursued and exhausted her administrative remedies, and the decision of the Commissioner is ripe for judicial review pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3).

### II.  Background

Chappell was forty-one years old when she applied for SSI benefits, and at

1

the time of the Administrative Law Judge's ("ALJ's") decision. (Tr. at 10, 22, 63, 72, 209.) She claims disability beginning on August 31, 2020, at the age of forty, due to severe depression and major anxiety disorder. (Tr. 10, 22, 202.) She has reported that she earned her GED and has previous work experience as a surgical technician and polysomnographic technician. (Tr. 20, 59, 203.)

The Social Security Administration has established a five-step sequential evaluation process for determining whether an individual is disabled and thus eligible for SSI.  *See* 20 C.F.R. §§ 404.1520, 416.920; *see also Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001).  The evaluator will follow the steps in order until making a finding of either disabled or not disabled; if no finding is made, the analysis will proceed to the next step.  *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

The first step requires the evaluator to determine whether the plaintiff is engaged in substantial gainful activity ("SGA").  *See id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).  If the plaintiff is not engaged in SGA, the evaluator moves on to the next step.

The second step requires the evaluator to consider the combined severity of the plaintiff's medically determinable physical and mental impairments.  *See id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  An individual impairment or combination of

impairments that is not classified as "severe" and does not satisfy the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 will result in a finding of not disabled.  *See* 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).  The decision depends on the medical evidence contained in the record.  *See Hart v. Finch*, 440 F.2d 1340, 1341 (5th Cir. 1971) (concluding that "substantial medical evidence in the record" adequately supported the finding that plaintiff was not disabled).

Similarly, the third step requires the evaluator to consider whether the plaintiff's impairment or combination of impairments meets or is medically equal to the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. *See* 20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).  If the criteria of a listed impairment and the durational requirements set forth in 20 C.F.R. §§ 404.1509 and 416.909 are satisfied, the evaluator will make a finding of disabled.  20 C.F.R. §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii).

If the plaintiff's impairment or combination of impairments does not meet or medically equal a listed impairment, the evaluator must determine the plaintiff's residual functional capacity ("RFC") before proceeding to the fourth step.  *See id.* §§ 404.1520(e), 416.920(e).  The fourth step requires the evaluator to determine whether the plaintiff has the RFC to perform the requirements of his past relevant work.  *See id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).  If the plaintiff's impairment

or combination of impairments does not prevent him from performing him past relevant work, the evaluator will make a finding of not disabled. *See id.*

The fifth and final step requires the evaluator to consider the plaintiff's RFC, age, education, and work experience to determine whether the plaintiff can perform other work. *See id.* §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the plaintiff can perform other work, the evaluator will find him not disabled. *Id.*; *see also* 20 C.F.R. §§ 404.1520(g), 416.920(g). If the plaintiff cannot perform other work, the evaluator will find him disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 404.1520(g), 416.920(a)(4)(v), 416.920(g).

Applying the aforementioned evaluation process, the ALJ found that Chappell had not been under a disability, as defined by the Social Security Act, from the date the application was filed through the date of this decision. (Tr. 22.) The ALJ concluded that Plaintiff's impairments of bipolar II disorder and generalized anxiety disorder are considered "severe" based on the requirements set forth in the regulations. (Tr. 12.) However, the ALJ found that these impairments neither meet nor medically equals the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13.) The ALJ determined that Chappell has the following RFC:

> [C]laimant has the residual functional capacity to perform a full range of work at all exertional levels but with the following nonexertional limitations: She would be able to understand, remember, and carry out simple instructions and tasks, tolerate changes in the workplace that are infrequent and gradually introduced, and have occasional work-related interaction with supervisors, co-workers, and the general public.

(Tr. 15.)

The ALJ relied on testimony from the Vocational Expert ("VE") indicating that while Plaintiff could not perform her past relevant work, there were a significant number of jobs in the national economy that she could perform. (Tr. 21.) Based on Plaintiff's age, education, work experience, and residual functional capacity, she was determined to be capable of performing the requirements of "light exertional level, unskilled, SVP 2" jobs, such as merchandise marker, routing clerk, and housekeeping cleaner (*Id.*) The Appeals Council denied Chappell's request for review. (Tr. 1.)

### III.   Standard of Review

This Court's role in reviewing claims brought under the Social Security Act is a narrow one.  The scope of its review is limited to determining (1) whether there is substantial evidence in the record as a whole to support the findings of the Commissioner, and (2) whether the correct legal standards were applied.  *See Stone*

*v. Comm'r of Soc. Sec.*, 544 F. App'x[1] 839, 841 (11th Cir. 2013) (citing *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004)).  This Court gives deference to the factual findings of the Commissioner, provided those findings are supported by substantial evidence, but applies close scrutiny to the legal conclusions.  *See Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996).

Nonetheless, this Court may not decide facts, weigh evidence, or substitute its judgment for that of the Commissioner.  *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004)). "The substantial evidence standard permits administrative decision makers to act with considerable latitude, and 'the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence.'"  *Parker v. Bowen*, 793 F.2d 1177, 1181 (11th Cir. 1986) (Gibson, J., dissenting) (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620 (1966)).  Indeed, even if this Court finds that the proof preponderates against the Commissioner's decision, it must affirm if the decision is supported by substantial evidence.  *Miles*, 84 F.3d at 1400 (citing *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)).

---

[1] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." U.S. Ct. of App. 11th Cir. Rule 36-2.

However, no decision is automatic, for "despite th[e] deferential standard [for review of claims], it is imperative that th[is] Court scrutinize the record in its entirety to determine the reasonableness of the decision reached." *Bridges v. Bowen*, 815 F.2d 622, 624 (11th Cir. 1987) (citing *Arnold v. Heckler*, 732 F.2d 881, 883 (11th Cir. 1984)). Moreover, failure to apply the correct legal standards is grounds for reversal. *See Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

## IV. Discussion

Chappell alleges that the ALJ's decision should be reversed and remanded for three reasons. (Doc. 11 at 11-14.) These three arguments are: 1) the ALJ's decision was not supported by substantial evidence, 2) the ALJ did not pose a complete hypothetical question to the VE, and 3) the ALJ failed to develop the record fully and fairly. (*Id.*)

### A. Substantial Evidence

Plaintiff's subjective complaints alone are insufficient to establish a disability. *See* 20 C.F.R. §§ 404.1529(a), 416.926(a); *Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991). Subjective testimony of pain and other symptoms may establish the presence of a disabling impairment if it is supported by medical evidence. *See Foote v. Chater*, 67 F.3d 1553, 1561 (11th Cir. 1995). The Eleventh Circuit applies a two-part pain standard when a plaintiff claims disability due to pain or other

subjective symptoms. The plaintiff must show evidence of the underlying medical condition and either (1) objective medical evidence that confirms the severity of the alleged symptoms arising from the condition, or (2) that the objectively determined medical condition is of such a severity that it can reasonably be expected to give rise to the alleged symptoms. *See* 20 C.F.R. §§ 404.1529(a), (b), 416.929(a), (b); Social Security Ruling ("SSR") 16-3p, 2016 WL 1119029; *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002).

If the first part of the pain standard is satisfied, the ALJ then evaluates the intensity and persistence of Plaintiff's alleged symptoms and their effect on his ability to work. *See* 20 C.F.R. §§ 404.1529(c), 416.929(c); *Wilson*, 284 F.3d at 1225–26. In evaluating the extent to which the Plaintiff's symptoms, such as pain, affect his capacity to perform basic work activities, the ALJ will consider (1) objective medical evidence, (2) the nature of Plaintiff's symptoms, (3) the Plaintiff's daily activities, (4) precipitating and aggravating factors, (5) the effectiveness of medication, (6) treatment sought for relief of symptoms, (7) any measures the Plaintiff takes to relieve symptoms, and (8) any conflicts between a Plaintiff's statements and the rest of evidence. *See* 20 C.F.R. §§ 404.1529(c)(3), (4), 416.929(c)(3), (4); SSR 16-3p. In order to discredit Plaintiff's statements, the ALJ must clearly "articulate explicit and adequate reasons." *See Dyer*, 395 F.3d at 1210.

A credibility determination is a question of fact subject only to limited review in the courts to ensure the finding is supported by substantial evidence. *See Hand v. Heckler*, 761 F.2d 1545, 1548–49 (11th Cir. 1985), *vacated for rehearing en banc*, 774 F.2d 428 (11th Cir. 1985), *reinstated sub nom.*, *Hand v. Bowen*, 793 F.2d 275 (11th Cir. 1986). Courts in the Eleventh Circuit will not disturb a clearly articulated finding supported by substantial evidence. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). However, a reversal is warranted if the decision contains no indication of the proper application of the pain standard. "The question is not ... whether [the] ALJ could have reasonably credited [Plaintiff's] testimony, but whether the ALJ was clearly wrong to discredit it." *Werner v. Comm'r of Soc. Sec.*, 421 F. App'x 935, 939 (11th Cir. 2011).

Here, the ALJ noted that the impairments underlying Plaintiff's medical conditions "could reasonably be expected to cause the alleged symptoms," thus satisfying the first part of the pain standard. (Tr. 16.) However, the ALJ found that Plaintiff's "statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (*Id.*) In the opinion, the ALJ highlighted several discrepancies between Plaintiff's subjective complaints and the objective medical evidence. (*See* tr. 15-20.)

While the ALJ did find severe impairments, such as bipolar II disorder and generalized anxiety disorder, those mental impairments did not result in one extreme limitation, or two marked limitations as set out by "paragraph B." (Tr. 13-14.) In understanding, remembering, or applying information, the ALJ found Plaintiff to have a mild limitation in accordance with Dr. Duke. (Tr. 13.) In interacting with others, the ALJ found Plaintiff to have a moderate limitation in accordance with both Dr. Blackmon and Dr. Duke. (Tr. 14.) With regard to concentrating, persisting, or maintaining pace, the ALJ found Plaintiff to have a moderate limitation, as Plaintiff reported activities which require basic concentration, including "shopping in person and by telephone, preparing simple meals, watching television, performing household chores, and driving." (*Id.*) And for adapting or managing oneself, the ALJ found Plaintiff to have a moderate limitation in accordance with both Dr. Blackmon and Dr. Duke. (*Id.*) Thus, the "paragraph B" criteria were not satisfied. (Tr. 13-14.)

The ALJ did not assess any physical impairments in the decision, however, Plaintiff alleges constant hand tremors. (Tr. 46.) According to Plaintiff, the hand tremors prevent her from performing job responsibilities. (Tr. 51.) The ALJ correctly excluded Plaintiff's alleged hand tremors from her decision, as these subjective

statements regarding the tremors are not consistent with the objective medical evidence. (Tr. 20.)

In September 2019, Plaintiff began her treatment with Grayson & Associates. (Tr. 16, 408.) The physical examination did not note hand tremors. (Tr. 408.) When Plaintiff returned for subsequent visits in November 2019, March 2020, and June 2020, the physical examination revealed no record of hand tremors. (Tr. 402, 404, 406.) In July 2020, Plaintiff attended an annual visit with Dr. Hudson of St. Vincent's Primary Care. (Tr. 349-53.) During her check-up, her physical exam and her motor and sensory function exam returned normal. (Tr. 350-52.) Further, no tremors were noted in the file. (Tr. 349-53.) In December 2020, Plaintiff returned to Grayson & Associates for two separate appointments. (Tr. 400, 398.) During neither visit were hand tremors noted in the physical examination. In March 2021, Plaintiff was examined for her annual visit by Dr. Hudson and there is no record of hand tremors. (Tr. 340-43.) In March 2021, Plaintiff visited Grayson & Associates and no hand tremors were noted. (Tr. 396.) Finally, in February 2022, Plaintiff was again treated by Dr. Hudson for her annual check-up. (Tr. 418-21.) No hand tremors were noted. (Tr. 418-19.)

The objective medical evidence does not support Plaintiff's claims of hand tremors. Therefore, there is substantial evidence for the ALJ to find that Plaintiff's

"statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record." (Tr. 16.)

### B. Hypothetical Question Posed to the VE

The hypothetical question posed to the VE stems from the ALJ's determination of Plaintiff's RFC. *See* 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). A claimant's RFC reflects his ability to perform "work-related physical and mental activities in a work setting" within a forty-hour work week in light of his "functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments, including the impact of any related symptoms." SSR 96-8p, 1996 WL 374184, at *1 (July 2, 1996); *see also* 20 C.F.R. §§ 404.1520(e), 416.920(e). "RFC is not the *least* an individual can do despite his or her limitations or restrictions, but the *most*." SSR 96-8p, 1996 WL 374184, at *1 (emphasis in original). The ALJ bases a claimant's RFC on all the evidence in the record, including information about the claimant's symptoms and medical opinions. *Id.* at *2. Moreover, the determination of a claimant's RFC lies within the sole purview of the ALJ, not the doctors providing medical opinions or other evidence. *Robinson v. Astrue*, 365 F. App'x 993, 999 (11th Cir. 2010) ("[T]he task of determining a claimant's [RFC] and ability to work is within the province of

the ALJ, not of doctors.").

Therefore, after determining the plaintiff's RFC, the ALJ poses the hypothetical question to the VE. When the ALJ poses a hypothetical consistent with an RFC that is supported by substantial evidence, the ALJ does not err in posing that hypothetical. *Bouie v. Astrue*, 226 F. App'x 892, 895 (11th Cir. 2007). However, in the hypothetical question, the ALJ is not required to include functional limitations she properly rejected as unsupported. *See McSwain v. Bowen*, 814 F.2d 617, 619–20 & n.1 (11th Cir. 1987); *Martinson v. Shalala*, 843 F. Supp. 1448, 1450–51 (M.D. Fla. 1994) (approving hypothetical questions relying on "objective medical testimony" of plaintiff's physicians but disregarding plaintiff's complaints of pain, which were found to be incredible).

Here, Plaintiff claims that the ALJ erred in the RFC and subjective complaint analysis to her claims regarding time off-task, missing days of work, and alleged hand tremors. (Doc. 11 at 12.) The record demonstrates the presence of bipolar II disorder and generalized anxiety disorder, as well as takes into consideration the effects those impairments have on Plaintiff. (Tr. 13, doc. 11 at 5.) For example, the ALJ concluded that Plaintiff could perform work with nonexertional limitations, such as "understanding, remembering, and carrying out simple instructions and tasks, tolerating changes in the workplace that are infrequent and gradually

13

introduced, and having occasional work-related interaction with supervisors, co-workers, and the general public." (Tr. 20.) This determination is consistent with findings from Dr. Blackmon and Dr. Duke. (Tr. 19.) Further, the ALJ concluded that the record as a whole does not support the presence of the additional limitations allegedly restricting Plaintiff's ability to work. (Tr. 20.)

The ALJ properly included restrictions supported by the medical record in the RFC. The RFC is identical to the hypothetical question the ALJ posed to the VE. (Tr. 15, 59.) Therefore, the ALJ did not err and posed a complete hypothetical question to the VE.

### C. Full and Fair Development of the Record

An ALJ "has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997). "However, there must be a showing of prejudice before it is found that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [Commissioner] for further development of the record." Id. at 1423; *see Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003); Kelley v. Heckler, 761 F.2d 1538, 1540-41 (11th Cir. 1985). An ALJ is not required to order a consultative examination as long as the record contains sufficient evidence to make an informed decision. *See Doughty*, 245 F.3d at 1281; *Wilson v. Apfel*, 179 F.3d 1276, 1278 (11th Cir. 1999); see also 20 C.F.R.

§ 416.919a(b) (stating agency may purchase a consultative examination "when the evidence as a whole is insufficient to allow [the agency] to make a determination or decision on [the claimant's] claim"); *Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014) (concluding district court erred in remanding case to ALJ with instructions to obtain consultative examination because record had been fully and fairly developed, and consultative examination was not necessary for ALJ to make informed decision (*Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1269 (11th Cir. 2007). Further, a consultative examination need not be obtained to establish absolute certainty regarding a claimant's condition, as the Act requires only substantial evidence to support an ALJ's findings*. See Holladay v. Bowen*, 848 F.2d 1206, 1210 (11th Cir. 1988).

Here, Chappell contends that because she was not represented by an attorney, a higher standard of care must apply to the ALJ's duty to develop a full and fair record. (Doc. 11 at 13-14.) However, as noted by the ALJ, the Plaintiff knowingly waived her right to representation. (Tr. 41-43.)

Additionally, Chappell failed to show that the absence of a consultative physical examination has prejudiced her claim. As decided above, the ALJ's decision was based on substantial evidence. When the record contains sufficient evidence to support a determination, the ALJ is not obliged to order a consultative

15

examination. *See Doughty v. Apfel,* 245 F.3d 1274, 1278 (11th Cir. 2001). Chappell failed to meet her burden to prove her allegations of disability. Therefore, the ALJ fulfilled his obligation of developing a full and fair record.

## IV. Conclusion

Upon review of the administrative record, and considering Chappell's argument, this Court finds the Commissioner's decision is supported by substantial evidence and is in accordance with the applicable law. Thus, the decision is **AFFIRMED**. A separate order consistent with this opinion will be entered.

**DONE** and **ORDERED** on June 5, 2024.

_____
L. Scott Coogler
United States District Judge

215708